STOCKMAN ET AL., APPELLANTS, *v.*
YANESH ET AL., APPELLEES.

(No. 80-1537—Decided November 18, 1981.)

*Mr. Aaron Ruben,* for appellants.
*Mr. William C. Gargiulo,* for appellees.

KRUPANSKY, J.   For the reasons expressed below, we affirm the judgment of the Court of Appeals.

The law is well settled in Ohio that a covenant against encumbrances is breached as soon as made if an encumbrance in fact exists. However, in an action based on such a breach, only nominal damages can be recovered unless the covenantee has removed the encumbrance, had his possession disturbed, or had his use or enjoyment of the land, in some way, interfered with by reason of the encumbrance. *Stambaugh* v. *Smith* (1873), 23 Ohio St. 584, 588-589. See, also, *Tuite* v. *Miller* (1841), 10 Ohio 382.

In their opening statement at trial, appellants failed to allege fraud, and under the facts of this case it appears that fraud could not have been alleged or proved. Moreover, appellants failed to allege evidence which would show they suffered actual damages as a result of the liens and encumbrances. Appellants did not allege that they removed any of the encumbrances, that they were threatened with eviction, or that their enjoyment of the property was in any way interfered with by reason of the encumbrances. Therefore, the trial court was correct in granting a directed verdict. The trial court correctly concluded that on the basis of appellants' opening statement, construing the evidence most strongly in favor of appellants,*

---

\* Civ. R. 50(A)(4) provides a directed verdict is proper when, after construing the evidence most strongly in favor of the party against whom the motion is directed, the

they were entitled to only nominal damages. Appellants then agreed to waive a jury trial on the issue of nominal damages and consented to the trial court's entering a directed verdict in their favor for the nominal damages.

Appellants contend that the trial court erred in granting a directed verdict for breach of the covenant against encumbrances because appellants had also sought rescission as well as damages. Appellants' argument is without merit. Clearly, a breach of a covenant against encumbrances, in the absence of attempted enforcement of the covenant, entitles the injured party to only nominal damages; actual rescission for such a technical breach is denied. See *Reid* v. *Burns* (1861), 13 Ohio St. 49, 60, in which the court stated that when a party seeks rescission he "will be expected, in a court of equity * * * to show himself entitled to relief beyond a mere technical breach of duty."

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

trial court finds that reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.